# STATE OF MICHIGAN

# COURT OF APPEALS

In re KIM MARIE EDWARDS TRUST.

MARK A. HAYWOOD, Successor Trustee, and
KIM MARIE EDWARDS, a Protected Person,

UNPUBLISHED
October 14, 2014

Appellees,

v

No. 317114
Wayne Probate Court
LC No. 2010-752507-TV

JANNIE M. EDWARDS,

Appellant.

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

Appellant, proceeding in propria persona, appeals as of right from the probate court's order denying a petition for instruction in which the court denied appellant's request that certain expenditures be reimbursed from the Kim Marie Edwards Trust. We affirm.

The Kim Marie Edwards Irrevocable Special Needs Trust was created on June 24, 2009, for the benefit of Kim Edwards, a protected person. Appellant, who is Kim's mother, was originally appointed as a court supervised trustee. However, because appellant was unable to qualify for a bond, appellee, Mark A. Haywood ("trustee"), became the successor trustee. The trustee filed the annual accounts of fiduciary and the parties appeared before the court on several occasions to secure court approval of larger expenditures from the trust such as the purchase of a $330,000 home and a customized van. Attorney James C. McCann ("GAL") was repeatedly appointed as the guardian ad litem to represent Kim's interests.

On August 29, 2012, appellant retained the services of attorney Christy M. Pudyk and petitioned for the removal of the trustee. The petition alleged that the trustee had failed to keep Kim informed, failed to protect the integrity and assets of the trust, and failed to maximize the income of the trust. The petition sought appointment of a successor trustee. The trustee argued that he had faithfully fulfilled his duties as the trustee. The court dismissed that petition with prejudice on stipulation by the petitioner and the trustee on January 29, 2013. The stipulation was silent as to payment of Pudyk's fees. The stipulation specifically provided that the parties had "reached an understanding as to [the] petition."

-1-

Sometime thereafter, appellant submitted a request for reimbursement of Pudyk's $2,600 retainer fee to the trustee. Appellant further sought reimbursement for miscellaneous expenses that she and Melissa Edwards, Kim's sister, had incurred for meals, movies, groceries, and general merchandise.[1]

On May 21, 2013, the trustee filed a petition for instruction seeking guidance from the court with respect to reimbursement of the $2,600 retainer fee and the miscellaneous expenses. McCann who was again appointed as GAL recommended that the court deny appellant's request for reimbursement and the other requests from the appellant. The GAL noted that the value of the trust was $200,000 less than it was three years earlier and that the trust paid 100 percent of the utilities, property taxes, home repairs, homeowner's insurance, lawn care, and vehicle insurance and repairs. Although all three women resided in the home purchased with trust funds, no rents were received from appellant or Melissa Edwards. The GAL based his recommendations to deny the requests on the fact that the petition to remove the trustee was not successful and neither the petition nor the other claimed expenses benefitted the trust. The probate court adopted the recommendation of the GAL.

A probate court's factual findings are reviewed for clear error while the court's dispositional rulings are reviewed for an abuse of discretion. *In re Temple Marital Trust,* 278 Mich App 122, 128; 748 NW2d 265 (2008). A trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co,* 476 Mich 372, 388; 719 NW2d 809 (2006).

For her first claim or error, appellant argues that she was denied her right to due process during the hearing on the petition for instruction when the probate court refused to allow her to address the court.

Pursuant to MCR 5.119(B), "[a]n interested person may object to a pending petition orally at the hearing or by filing and serving a paper which conforms with MCR 5.113." The record belies appellant's argument that she was denied the opportunity to speak at the hearing on the petition for instruction. An appellant has the burden of providing "the reviewing court with a record to verify the factual basis of any argument upon which reversal was predicated." *People v Elston,* 462 Mich 751, 762; 614 NW2d 595 (2000). During the hearing, two individuals, one being Melissa and the other unidentified, attempted to speak at the same time. The court politely apologized, asked them to "wait," and then Melissa continued to address the court regarding their concerns. At no time did appellant request to speak, nor did the probate court deny her the opportunity to speak. Furthermore, appellant has not identified what information she would have imparted to the court and how it would have affected the outcome.

---

[1] Appellant represents that she also sought reimbursement for hotel expenses that were incurred when they were forced to leave the house after a flooding incident. However, those expenses do not appear to be at issue because they were not included in the petition for instruction that is the subject of this appeal.

Next, appellant argues that the trustee had no authority to file a petition for instruction because, in the past, he had routinely approved reimbursement for the types of expenses appellant submitted. Appellant has cited no authority for the proposition that a trustee is not permitted to file a petition for instruction under the circumstances described by appellant; therefore, this issue is not properly presented for appellate review. A party may not merely "announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or . . . search for authority" to support his position. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). In any event, pursuant to the Michigan Trust Code, Article IV of the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.,* "[a] proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions and a determination regarding . . . the administration, distribution, modification, reformation or termination of a trust." MCL 700.7201(3). Therefore, the successor trustee had authority to petition the court for instruction regarding the distribution of trust funds.

The probate court did not abuse its discretion in declining to approve appellant's reimbursement requests. MCL 700.7801 requires that a trustee "administer the trust in good faith, expeditiously, [and] in accordance with its terms and purposes, for the benefit of the trust beneficiaries . . . ." The trust document authorizes the trustee to "make expenditures on behalf of Kim Marie Edwards, for goods and services furnished to her by third party providers . . . Including by way of illustration: expenses for her entertainment and recreation . . . and for expenditures which are designed to maximize her abilities and potential and quality of life." Appellant has not provided any evidence that the miscellaneous expenditures for items such as meals, movies, and groceries were specifically for Kim's benefit. Considering that the trust was created to "provide for the greatest degree of security and financial well-being" for Kim, and that the trust funds were being depleted, the trustee did not erroneously or unreasonably deny appellant's request for reimbursement.

With respect to the legal fees expended to challenge an allegedly unfit trustee, this type of expenditure could, under some circumstances, be warranted to protect the interests of the trust beneficiary. Appellant represents that she was compelled to retain the services of an attorney because the trustee was not administering the trust properly. However, appellant has not provided any evidence of this assertion and she voluntarily dismissed the petition to remove the trustee. Appellant represents that she did not authorize the dismissal of that petition, but there is nothing in the record to factually support her assertion. Indeed, the stipulation and order of dismissal states exactly the contrary. Appellant has failed to demonstrate that she was entitled to reimbursement for legal fees she expended in her unsuccessful attempt to remove the trustee. Therefore, we conclude that the probate court did not err or abuse its discretion.

Finally, appellant argues that the GAL's report to the court made in preparation for the hearing on the petition for instruction was fraught with factual errors. Appellant further alleges that the GAL failed to report Kim's wishes to the court. In support of her argument that the GAL did not comply with its statutory duties, appellant cites MCL 712A.17d. Appellant points out that under this statute a *lawyer-guardian ad litem* is bound by the attorney-client privilege and has an obligation to ascertain a *child's* wishes. MCL 712A.17d(1)(a) and (1)(d). Appellant's reliance on MCL 712A.17d is misplaced. This statute, by its plain language, applies to the appointment of a *lawyer*-guardian ad litem for *minors*. Kim is an adult with special needs who is

a trust beneficiary. Thus, MCL 700.1403(d), MCL 700.7305, and MCR 5.121 govern the appointment of a guardian ad litem in trust matters under the EPIC.

MCL 700.7305(1) authorizes the court to appoint a guardian ad litem to "receive notice, give consent, and otherwise represent, bind, and act on behalf of a minor, incapacitated, or unborn individual." Pursuant to MCR 5.121(C), a guardian ad litem is to make a report in open court or file a written report of his investigation and recommendations. MCR 5.121(E)(1) specifically provides that when the guardian ad litem appointed to represent the interest of a person is an attorney, that appointment *does not* create an attorney-client relationship. In this case, the GAL prepared a written report setting forth his investigative efforts and his recommendations related to the petition for instruction. The GAL met with the successor trustee and Melissa Edwards. Based upon the information gleaned, the GAL recommended that the expenses submitted by appellant not be reimbursed from trust assets. We conclude that the GAL complied with his statutory obligations.

Contrary to appellant's assertions, the GAL's report is not riddled with factual errors. While the report does at one point refer to "Melissa Edwards" as "Melissa Haywood," it is apparent from the context to whom the GAL was referring, and that the mistake was an inadvertent typographical error. Further, contrary to appellant's representations, the GAL did not suggest that the trustee personally had paid all the household expenses. Again, read in context, it is readily apparent that the trustee paid the household expenses in his capacity as the trustee and with the use of trust funds. Appellant further claims that the GAL's finding that the trustee paid all of the household expenses was a misrepresentation because, allegedly, appellant and Melissa personally paid some of these expenses. Again, however, appellant has not provided any factual or evidentiary support for her assertions. Based upon the foregoing, we are unable to conclude that the GAL filed an inaccurate or misleading report with the court.

Appellant also contends that the GAL failed to ascertain Kim's wishes and report them to the court. Specifically, appellant argues that Kim had consistently voiced her desire that appellant be named the trustee. Because the petition was limited to an inquiry into the propriety of expense reimbursement, Kim's wishes regarding the appointment of a trustee were irrelevant to the issues before the probate court. To the extent that the GAL failed to seek Kim's opinion with respect to the reimbursement of expenses, appellant has provided no authority for the proposition that the GAL was required to seek such an opinion from his cognitively impaired charge. As indicated earlier, appellant's reliance on MCL 712A.17d(1),[2] which applies to a lawyer-guardian ad litem for a minor, is misplaced.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering

---

[2] MCL 712A.17d(1) requires, among other things, that a LGAL meet with the child and assess the child's wishes.